**CASE NUMBER 23-12323-FF**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**United States,**

**Plaintiff-Appellee**

**v.**

**Narada Barry White,**

**Defendant-Appellant**

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

**DEFENDANT-APPELLANT'S BRIEF**

---

**Kristen Gartman Rogers
Southern District of Alabama
Federal Defenders Organization, Inc.
11 North Water Street, Suite 11290
Mobile, Alabama  36602
(251) 433-0910**

**Counsel for Defendant-Appellant**

## **CERTIFICATE OF INTERESTED PERSONS**

United States,                                    *

     Plaintiff-Appellee                     *

                                                No. 23-12323-FF

v.                                                     *

Narada Barry White,                         *

     Defendant-Appellant                 *

_____/

I hereby certify that the following persons and organizations have an interest in the outcome of this case or appeal and that no publicly-traded company or corporation has an interest in the case:

1.    Andrew Arrington, Assistant United States Attorney, trial counsel for the United States

2.    Christopher John Bodnar, Assistant United States Attorney, appellate counsel for the United States

3.    Hon. Kristi K. DuBose, United States District Judge

4.    Hon. Bradley Murray, United States Magistrate Judge

5.    Kristen Gartman Rogers, Assistant Federal Defender, appellate counsel for White

6.    Fred W. Tiemann, Assistant Federal Defender, trial counsel for White

7.    Gina Vann, Assistant United States Attorney, counsel for the United

States

8.    Marjorie Vincent-Tripp, Assistant United States Attorney, counsel for the

United States

9.    Narada Barry White, Defendant-Appellant

## STATEMENT REGARDING ORAL ARGUMENT

The Defendant-Appellant requests oral argument and suggests that oral argument will aid the Court in resolving the sentencing issue raised in this appeal.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Is Mr. White's 96-month prison sentence, which is more than double the high end of the sentencing guidelines range, is procedurally and substantively unreasonable? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. Course of Proceedings, Disposition in the Court Below, and Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1. Arrest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2. Indictment & Guilty Plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        3. Presentence Investigation Report . . . . . . . . . . . . . . . . . . . . . . . 4

        4. Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.  Standards of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT AND CITATIONS OF AUTHORITY  . . . . . . . . . . . . . . . . . 11

      Mr. White's 96-month prison sentence, which is a substantial variance or

      departure above the sentencing guidelines range, is procedurally and

      substantively unreasonable.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

          A. Procedural Unreasonableness  . . . . . . . . . . . . . . . . . . . . . . . . . 12

          B. Substantive Unreasonableness . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## TABLE OF AUTHORITIES

Cases:

Gall v. United States, 552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 17

United States v. Barrington, 648 F.3d 1178 (11th Cir. 2011) . . . . . . . . . . . . . . . 11

United States v. Booker, 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Campbell, 491 F.3d 1306 (11th Cir. 2007) . . . . . . . . . . . . . . . 12

United States v. Crisp, 454 F.3d 1285 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . 18

United States v. Green, 981 F.3d 945 (11th Cir. 2020) . . . . . . . . . . . . . . . . . 12, 13

United States v. Hayes, 762 F.3d 1300 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . 16

United States v. Horne, 789 Fed. Appx. 139 (11th Cir. 2019) . . . . . . . . . . . 16, 17

United States v. Hunt, 526 F.3d 739 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . 17

United States v. Irey, 612 F. 3d 1160 (11th Cir. 2010 )(en banc) . . . 11, 16, 17, 18

United States v. Johnson, 648 F.3d 273 (5th Cir. 2011) . . . . . . . . . . . . . . . . . 14

United States v. Machado, 886 F.3d 1070 (11th Cir. 2018) . . . . . . . . . . . . . . . 14

United States v. McQueen, 727 F.3d 1144 (11th Cir. 2013) . . . . . . . . . . . . . . . 18

United States v. Overstreet, 713 F.3d 627 (11th Cir. 2013) . . . . . . . . . . . . . . . 11

United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008) . . . . . . . . . . . . . . . . 16, 18

United States v. Rahimi, No. 22-915, __ S. Ct. __ (June 21, 2024) . . . . . . . . . 10

United States v. Robertson, 493 F.3d 1322 (11th Cir. 2007) . . . . . . . . . . . . . . 13

United States v. Talley, 431 F.3d 784 (11th Cir. 2005) . . . . . . . . . . . . . . . . 16, 18

United States v. Washington, 714 F.3d 1358 (11th Cir. 2013) . . . . . . . . . . . . . 14

Statutes:

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 10, 19

18 U.S.C. § 924(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16-19

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Miscellaneous:

U.S. Const., amend. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S.S.G. § 2K2.1 .............................................................. 19

U.S.S.G. § 2K2.1(a)(1) ...................................................... 19

U.S.S.G. § 2K2.1(a)(4) ...................................................... 4

U.S.S.G. § 2K2.1(a)(6) ...................................................... 19

U.S.S.G. § 3E1.1 ............................................................. 5

U.S.S.G. § 4A1.3 ......................................................... 13, 17

U.S.S.G. § 4A1.3(a) ..................................................... 12, 14

U.S.S.G. § 6A1.3(a) ......................................................... 13

United States Sentencing Guidelines Manual (Nov. 2021) ................... 4

## STATEMENT OF JURISDICTION

This is a direct appeal from judgment and sentence in a criminal case. The Defendant-Appellant timely filed notice of appeal on July 12, 2023, one day after judgment was entered on the district court's docket on July 11, 2023. Doc. 65, 67.[1] The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 18 U.S.C. § 3742.

---

[1] Record references throughout the brief refer to the document number on the district court's electronic docket sheet in the CM/ECF filing system.

## <u>STATEMENT OF THE ISSUE</u>

Is Mr. White's 96-month prison sentence, which is more than double the high end of the sentencing guidelines range, procedurally and substantively unreasonable?

## STATEMENT OF THE CASE

Defendant-Appellant Narada Barry White appeals his sentence, alleging that it is procedurally and substantively unreasonable.

A. Course of Proceedings, Disposition in the Court Below, and Statement of Facts

1. Arrest

On May 30, 2020, at around 11 p.m., the police department in Selma, AL, was notified of shots fired at the Rangedale apartment complex in Selma. Doc. 78 at 5, 6, 11. Upon arriving at the scene, Selma officers, Robert Tyus and Gerral Pinkston, found several witnesses outside and were told by one witness that an orange Jeep SUV driven by "one male subject" "came through shooting." *Id.* at 5, 7, 22, 43-44. No residences were hit, and the witnesses did not identify the shooter. *Id.* at 6, 7. The officers did not identify the witnesses at the time because it was an ongoing event. *Id.* at 8, 22.

After being on the scene for three to four minutes, the officers heard more shots to the northwest, in the Chanticlear Apartments/Selma Square area. *Id.* at 6-8, 45. Officer Pinkston left Rangedale and headed in that direction. *Id.* at 45. When he saw the orange Jeep driving in the opposite direction, he notified Officer Tyus of where the Jeep was and where it was going. *Id.* at 45. Officer Tyus and another officer, Ray Blanks, then conducted a traffic stop of the Jeep.

2

*Id.*

Mr. White was the driver and sole occupant of the Jeep. *Id.* at 12. Officer Blanks knew Mr. White and knew that he had outstanding warrants for two counts of assault. *Id.* at 59. Mr. White was arrested on those warrants. *Id.* at 12, 60-61. When officers conducted an inventory search of the Jeep, they found a loaded gun, a Smith & Wesson 9mm pistol that contained 9 rounds of ammunition, in the glovebox and shell casings on the driver's side floorboard. *Id.* at 12, 14. Mr. White denied shooting the gun. *Id.* at 36, 37.

### 2. Indictment & Guilty Plea

In September 2022, a grand jury in the Southern District of Alabama returned an indictment charging Mr. White with one count of illegal firearm and ammunition possession by a felon in violation of 18 U.S.C. § 922(g)(1). Doc. 1. The indictment also contained a forfeiture notice. *Id.* Mr. White filed a pre-plea motion to suppress evidence that the district court denied after a hearing. Doc. 28, 33, 78. He also filed a pre-plea motion to dismiss the indictment arguing that § 922(g)(1) was facially unconstitutional under the Second Amendment, which the district court denied by written order. Doc. 17; Doc. 25.

After losing these motions, Mr. White gave notice of his intent to plead guilty, and a change of plea hearing was conducted by a magistrate judge. Doc. 37, 41, 43, 80. There was no plea agreement. Doc. 43; Doc. 80 at 5. At the hearing, the

magistrate judge accepted Mr. White's plea after he admitted that the prosecutor

could prove the following facts if the case were to go to trial:

> I, Narada White, admit in open court and under oath that I possessed a firearm, more particularly described in the indictment as a Smith & Wesson, Model SD9 VE 9mm caliber pistol, serial number FBA4031, and a 9mm ammunition in the Southern District of Alabama on May the 30th of 2020.
>
> On this day, I had a firearm and ammunition in my possession in the car I was driving in Selma, Alabama within the Southern District of Alabama. I acknowledge that the firearm was not manufactured in Alabama and, therefore, traveled in interstate commerce before arriving in the State of Alabama.
>
> I further acknowledge that prior to possessing the firearm, I was convicted of obstructing justice using a false identity in the Circuit Court of Jefferson County, Alabama on or about December 17th, 2013, case number DC 2012-8479, a felony offense punishable by imprisonment for a term in excess of one year.
>
> Furthermore, at the time I possessed the firearm on May the 30th of 2020, I was aware that I was a convicted felon.

Doc. 80 at 17-18; Doc. 42. Mr. White also acknowledged that he had two

additional felony convictions, one for second-degree robbery and one for first-

degree assault, prior to the date he possessed the firearm. *Id.* at 18-20.

The magistrate judge issued a report and recommendations on Mr. White's

guilty plea, which the district court accepted. Doc. 44, 45.

3. Presentence Investigation Report

Following the plea, the probation office prepared a presentence investigation

report applying the 2021 Guidelines Manual. Doc. 52 at 4. The report concluded

that the base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A) because the

offense was committed after Mr. White sustained one felony conviction for a crime of violence. *Id.* at 5. The adjusted offense level was also 20, which was reduced three levels under U.S.S.G. § 3E1.1 for Mr. White's acceptance of responsibility. *Id.* The total offense level was 17. *Id.* Mr. White had 8 criminal history points, which produced a criminal history category of IV. *Id.* at 8. A total offense level of 17 combined with a criminal history category of IV produced an advisory guidelines range of 37-46 months. *Id.* at 12.

The statutory maximum sentence for the offense was ten years under § 922(g)(1) and 18 U.S.C. § 924(a)(2).

### 4. Sentencing

The district conducted two sentencing hearings, one on June 9 and one on July 7. Doc. 59, 79. At the hearing on June 9, both parties confirmed that they had no objections to the probation office's calculation of the advisory sentencing guidelines range, but the district court expressed some surprise that the range was as low as it was. Doc. 59 at 3. Counsel for Mr. White highlighted Mr. White's employment history and explained how his untreated mental illness and drug addiction were contributing to his criminal activity. *Id.* at 4-7. He asked the court for a sentence at the low end of the guidelines range, to recommend mental health and drug treatment for Mr. White while he is incarcerated, and to run his federal sentence concurrent with the pending state charges discussed in

paragraph 40 of the presentence report. *Id.* at 6-7, 10.

The government requested a sentence at the high-end of the guidelines and, in support, called Officer Ray Blanks to testify concerning the conduct underlying one of Mr. White's prior convictions, a 2014 second-degree robbery, and two pending state charges for assault and robbery. Doc. 59 at 9, 10. Officer Blanks investigated the robbery of a Dollar General store that occurred in May 2014. *Id.* at 11. He said that Mr. White and a relative entered the store to steal beer but then "rushed the cashier" when the cash register was open. *Id.* Mr. White's relative stole cash from the drawer and then ran out of the store with Mr. White. *Id.*

Officer Blanks also investigated two assaults at an apartment complex in August 2019.[2] *Id.* at 12. He said that Mr. White was arguing with a female, Ericka Vasser, when a male, Kennan Reynolds, intervened to prevent them from arguing. *Id.* Reynolds and Mr. White then began arguing, and Mr. White shot Reynolds and his brother, Octavius Reynolds. *Id.* One was shot in the ankle and the other in the thigh. *Id.* Officer Blanks said he had two witnesses, Erica Vasser and Takira Milton, who said Mr. White shot Reynolds and his brother. *Id.* at 13. He also collected shell casings from the scene and video from the apartment

───────────────

[2] According to the probation officer, these are the two assault charges discussed in paragraph 40 of the presentence report. Doc. 59 at 12-13.

complex that shows "the vehicle pull in and also showing both the fights." *Id.* at 14. Officer Blanks was not able to identify Mr. White in the video, and he said Mr. White was not driving the orange Jeep that was involved in the incident that led to the federal charges. *Id.*

Finally, Officer Blanks said he investigated a robbery that occurred in March 2022. *Id.* Officer Blanks said that Mr. White stole $300 from the cash register of a package store that he had entered to make a purchase. *Id.* at 15. When the store clerk told Mr. White to give the money back, Officer Blanks said that Mr. White "made a gesture that he had a gun," threatened to shoot her, and then walked out of the store. *Id.* at 15; Doc. 79 at 23-24. Officer Blanks said he could identify Mr. White in a surveillance video of this incident. *Id.*

Because the government had not disclosed to the defense the videos or witness statements that Officer Blanks relied on in his testimony, Mr. White's counsel requested disclosure of that information before he cross-examined Officer Blanks. *Id.* at 16. The district court agreed and continued the hearing. *Id.* The court also informed counsel that it was considering an upward departure. *Id.*

The hearing reconvened on July 7. Doc. 79. Officer Blanks testified again. *Id.* at 3. A video was played which showed a black Honda Accord pulling into the apartment complex where the August 2019 assaults took place. *Id.* at 5. Blanks said several witnesses described Mr. White getting out of a black Honda Accord,

7

and Blanks himself identified the man getting out of the car as Mr. White. *Id.* at 5, 15. Recorded interviews of Erica Vasser, who was Mr. White's ex-girlfriend, and Takira Milton were introduced along with photo lineups that they were shown. *Id.* at 8-10, 16. Both identified Mr. White as the man who shot Kenny and Octavius Reynolds. *Id.* at 9-10. A video of the exterior of the package store robbed in March 2022 was also played. *Id.* at 11. Blanks said the video shows Mr. White entering the store with the store clerk, Crystal Isaacson. *Id.* at 12-13. Ms. Isaacson's recorded interview was played. *Id.* at 13. She was not shown a photo lineup and did not identify Mr. White as the robber. *Id.* at 24-25.

Following Officer Blanks' testimony, the government argued for a sentence of at least 46 months. *Id.* at 29-30. Mr. White's counsel argued against a sentence above the guidelines range because the government's evidence did not establish that Mr. White shot a firearm out of his car windows in May 2020, committed the assaults in August 2019, or robbed the package store in 2022. *Id.* at 30-31. Mr. White's counsel objected to the government's reliance on the hearsay testimony of Officer Blanks, as opposed to the testimony of witnesses to those events who could be cross-examined, and argued that the government's other evidence, the videos, did not show Mr. White committing the crimes. *Id.* at 30-34. Mr. White's counsel also highlighted that the State of Alabama had not conducted a complete investigation of the assault offenses and had not pursued

8

those charges in four years. *Id.* at 32. According to Mr. White's counsel, the cases had not come out of grand jury in state court. *Id.* at 35. He urged the court not to increase Mr. White's federal sentence for two cases the state "cannot and has chosen not to pursue." *Id.*

Mr. White allocuted and explained that he had nowhere to live and was struggling with his mental health and drugs and alcohol at the time he committed the federal offense. *Id.* at 35-37. He apologized and asked the court for help. *Id.* at 37.

The court responded that Mr. White had been given employment opportunities. *Id.* at 37-38. The court then found by a preponderance of the evidence that Mr. White was the person shooting out of the orange Jeep in May 2020, which the court said combined with his two prior convictions for assault and robbery justified an upward departure. *Id.* at 37, 38. The court also found that a preponderance of the evidence showed that Mr. White had committed the August 2019 assaults and the 2022 robbery. *Id.* at 38. The court admitted that it was not possible to identify Mr. White from the video evidence so based its conclusion on Officer Blanks's identifications of Mr. White. *Id.*

The court sentenced Mr. White to 96 months in prison, which was more than double the high end of the guidelines range. *Id.* at 39. The court ran that sentence concurrent with the two pending firearm possession offenses in

9

paragraph 40 of the presentence report, but not the assaults discussed in that paragraph. *Id.* at 39-40. Although the court had earlier said that an above-guidelines sentence was justified by the seriousness of the offense, *id.* at 37-38, which would suggest a variance from the guidelines range, after imposing the sentence the court said it "departed upward" "based on [Mr. White's] criminal history" which was "more violent and serious than is represented by category IV." *Id.* at 40. The court further stated that "relevant conduct indicates that you have continued to commit violent acts before and even after this offense, and that to afford deterrence to you as well as protect the public from further crimes, an upward departure is necessary." *Id.* Mr. White's counsel objected to the sentence as procedurally and substantively unreasonable. *Id.*

Mr. White, who is incarcerated and serving his federal sentence, timely filed notice of appeal, and this appeal followed. Because Mr. White had preserved a facial challenge to the constitutionality of § 922(g)(1) in the district court, this Court entered an order staying the briefing schedule in the appeal pending the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, __ S. Ct. __ (June 21, 2024), in case the *Rahimi* decision supported his claim. Mr. White was ordered to file his initial brief no later than 40 days following issuance of the *Rahimi* decision.

B. Standards of Review

10

This court reviews the procedural reasonableness of a sentence for abuse of discretion. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). This court reviews the substantive reasonableness of a sentence for an abuse of discretion to see if the district court committed a clear error in judgment in determining the sentence. *United States v. Irey*, 612 F. 3d 1160, 1165 (11th Cir. 2010) (*en banc*). This review includes an analysis of whether, under the totality of the circumstances, "the statutory factors set forth in § 3553 (a) support the sentence in question." *United States v. Overstreet*, 713 F.3d 627 (11th Cir. 2013).

## SUMMARY OF THE ARGUMENT

Mr. White's sentence, which is a substantial upward variance or departure from the guideline range, is procedurally and substantively unreasonable. It is procedurally unreasonable because it is based on the district court's clearly erroneous finding that Mr. White committed three state offenses, two August 2019 assaults and a 2022 robbery, described in paragraphs 40 and 42 of the presentence report. The court's conclusion is clearly erroneous because insufficient reliable evidence in the record supports it. The sentence is substantively unreasonable because the degree of the variance that the district court imposed in this case is not supported by the statutory sentencing factors when those factors are reasonably weighed.

## ARGUMENT AND CITATIONS OF AUTHORITY

**Mr. White's 96-month prison sentence, which is a substantial variance or departure above the sentencing guidelines range, is unreasonable.**

Mr. White's prison sentence is more than double the high end of the sentencing guidelines range of 37-46 months. Doc. 52 at 12. This is a significant deviation[3] from the guidelines range that was not supported by reliable evidence at sentencing or by sentencing factors independent of factors already taken into account by the guidelines range. The sentence is both procedurally and substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 49-50 (2007)(criminal sentences must be procedurally and substantively reasonable); *United States v. Campbell*, 491 F.3d 1306, 1314 (11th Cir. 2007)(same).

### A. Procedural Unreasonableness

A district court abuses its discretion and imposes a procedurally unreasonable sentence when it "improperly calculates the guideline range, fails to consider the 18 U.S.C. § 3553(a) factors, fails to adequately explain the sentence, or selects a sentence based on clearly erroneous facts." *United States v. Green*, 981 F.3d 945,

---

[3] The record is unclear whether the district court intended to impose a variance from the guidelines range or a departure from the range. In the statement of reasons, the sentence is described as a variance. Doc. 66 at 2. But at the sentencing hearings, the court repeatedly stated that it was considering "an upward departure." Doc. 59 at 16, 38, 39, 40. Specifically when the court stated, "I departed upward based on your criminal history and is actually more violent and serious than is represented by category IV," the court appeared to be referencing the upward departure provision at U.S.S.G. § 4A1.3(a)(1). In either case, the sentence is unreasonable.

12

953 (11th Cir. 2020)(listing the ways a sentence can be procedurally
unreasonable).

 Mr. White's 96-month prison sentence is procedurally unreasonable because
it is based on the district court's clearly erroneous finding that Mr. White
committed three state offenses, two August 2019 assaults and a 2022 robbery,
described in paragraphs 40 and 42 of the presentence report. Doc. 79 at 38. *See
Green*, 981 F.3d at 953 (selecting a sentence based on clearly erroneous facts is
procedurally unreasonable). The court's conclusion is clearly erroneous because
insufficient reliable evidence in the record supports it. *See United States v.
Robertson*, 493 F.3d 1322, 1335 (11th Cir. 2007)("[W]e will hold a finding of fact
clearly erroneous if the record lacks substantial evidence to support it.");
U.S.S.G. § 4A1.3 (permitting upward departure based on inadequacy of criminal
history category where "reliable information indicates that the defendant's
criminal history category substantially under-represents the seriousness of the
defendant's criminal history or the likelihood that the defendant will commit
other crimes"); U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a
factor important to the sentencing determination, the court may consider
relevant information without regard to its admissibility under the rules of
evidence applicable at trial, provided that the information has sufficient indicia
of reliability to support its probable accuracy.").

Pending charges, standing alone, are not evidence that Mr. White committed those state offenses. *See United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013)(stating the government "has the burden of introducing 'sufficient and reliable' evidence to prove the necessary facts by a preponderance of the evidence" at sentencing)*; United States v. Machado*, 886 F.3d 1070, 1086 (11th Cir. 2018)("[T]he evidence proffered . . . was merely an untried indictment, which is not dispositive, or even evidence, of what conduct [the defendant] actually committed."). Pending charges and arrests may be considered only if "sufficient evidence corroborates their reliability." *See United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011); U.S.S.G. § 4A1.3(a)(2)(E), (a)(3)(permitting consideration of "[p]rior similar adult criminal conduct not resulting in a criminal conviction" so long as it is evidenced by more than just a "prior arrest record itself").

Here, the only evidence the district court relied on to support its conclusion that Mr. White committed the two assaults and the robbery was the hearsay testimony of Officer Blanks. Doc. 79 at 38. The court found that it could not identify Mr. White from watching the videos that the government produced, which was the only other evidence submitted at the sentencing hearing pertaining to the crimes. *Id.*

Officer Blanks's testimony was not enough to support the district court's conclusion that Mr. White committed the three offenses or to support a

14

substantial upward variance or departure from the guidelines range. Officer Blanks did not witness the crimes. He concluded that Mr. White was guilty of the package store robbery and the assaults from watching videos—the same fuzzy videos that the district court watched and a second video from the package store that was damaged and could not be produced at the hearing—and from interviewing two witnesses at the scene of the assaults, neither of whom was a victim of the assaults and one of whom was Mr. White's ex-girlfriend. Doc. 79 at 5, 11, 14, 17, 19. The clerk at the package store never identified Mr. White, Doc. 79 at 24-25, and ex-girlfriends often carry grudges—two facts that made cross-examination of the witnesses crucial to determining what actually happened. Yet the government did not produce the witnesses at sentencing. Additionally, though the alleged assault offenses are serious crimes, the charges had been languishing in state court without resolution or further investigation since 2019, which further called into question the reliability of the evidence supporting those charges. Doc. 79 at 31-32.

### B. Substantive Unreasonableness

A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors." *Irey*, 612 F.3d at 1189. Appellate review of the substantive reasonableness of a sentence requires a determination as to whether the sentence is supported by the factors laid out in the federal sentencing statute, 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 56; *see also United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Section 3553(a) "requires judges to take into account the Guidelines together with other sentencing goals" in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220, 259-60 (2005). The sentencing guidelines are "the starting point and the initial benchmark" but are not binding. *Gall*, 552 U.S. at 49-50. In any individual case, there is a range of reasonable sentences from which the district court may choose. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Where the characteristics of the crime, the defendant, and the victim are accounted for by the guidelines, that case is within the "heartland" of cases the Sentencing Commission drew on in prescribing the applicable Guidelines range. *United States v. Hayes*, 762 F.3d 1300, 1321 (11th Cir. 2014). If the case is outside the heartland, then the court may impose a variance from the guideline range, but it still must remain cognizant of the guidelines and ensure that the justification for the variance is *sufficiently compelling* to support the degree of the variance." *Id.* While the guidelines are just "one indicator" of reasonableness, *United States v. Horne*, 789 Fed. Appx. 139, 143 (11th Cir. 2019)(unpublished)

16

(citing *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008)), a major variance from the guidelines range "should be supported by a more significant justification than a minor one," and a court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50; *see also Irey*, 612 F.3d at 1196 ("Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one . . ."); *see also* U.S.S.G. § 4A1.3 (permitting upward departure based on inadequacy of criminal history category only where "reliable information indicates that the defendant's criminal history category *substantially* under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes"(emphasis added)).

Importantly, the sentencing statute, § 3553(a), directs courts to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). As a result, a sentence is substantively unreasonable if it is greater than necessary to carry out the purposes of sentencing enumerated in § 3553(a), which include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and

17

to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D); *Talley*, 431 F.3d at 785. In addition to the purposes of sentencing and the sentencing guidelines, when choosing a sentence, courts must consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4)-(7).

This Court will "make the [substantive reasonableness] calculus" itself and reverse a sentence as substantively unreasonable if left with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013)(quoting *Pugh*, 515 F.3d at 1191); *United States v. Crisp*, 454 F.3d 1285, 1290 (11th Cir. 2006)(stating that there is "a difference between deference and abdication. We do review the sentence, and in doing so we evaluate whether the sentence imposed serves the purposes reflected in § 3553(a)."). A district court commits a "clear error of judgment" when it "considers the proper factors but balances them unreasonably." *Irey*, 612

18

F.3d at 1189-90.

The degree of the variance that the district court imposed in this case is not supported by the § 3553(a) factors when those factors are reasonably weighed. The district court chose a prison sentence that is more than double the high end of the guidelines range based in part on factors already accounted for in the guideline calculation, specifically the assault and robbery convictions described in paragraphs 28 and 32 of the presentence report, and based in part on the pending state charges that were not proven with sufficient reliable evidence. Doc. 79 at 38. The robbery conviction in pargraph 32, in particular, was the most important factor in the guideline calculation because it substantially increased both his offense level and his criminal history score. The lowest base offense level for a § 922(g)(1) offense in U.S.S.G. § 2K2.1 is level 14. U.S.S.G. § 2K2.1(a)(6). The base offense level increases to a maximum of level 26 if certain factors are present. *See* U.S.S.G. § 2K2.1(a)(1)-(6). The primary factors that increase the base offense level are the type of firearm possessed and the violent nature and number of the defendant's prior convictions. *Id.* Mr. White's base offense level was increased from level 14 to level 20 because the robbery conviction qualified as a crime of violence. U.S.S.G. § 2K2.1(a)(4)(A); Doc. 52 at 5. The robbery conviction was also accounted for in the criminal history score. Mr. White received two points for the offense, which moved him from Criminal

19

History Category III to Criminal History Category IV, and increased his guidelines range from 30-37 months to 37-46 months. The assault conviction described in paragraph 28, which involved reckless conduct during an automobile accident as opposed to an intentional assault, also increased his criminal history score by three levels. Doc. 52 at 6. Finally, a significant departure or variance premised on the alleged 2019 assault offenses and 2022 robbery offense is unreasonable because, as argued above, the government did not prove that Mr. White committed those offenses by reliable evidence. Doc. 79 at 40.

## CONCLUSION

Because it is procedurally and substantively unreasonable, Mr. White's sentence should be vacated.

s/Kristen Gartman Rogers
Southern District of Alabama
Federal Defenders Org., Inc.
11 North Water Street, Suite 11290
Mobile, Alabama  36602
(251) 433-0910

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that this brief was this day served upon counsel of record for the Appellee United States by notice of electronic filing with the Eleventh Circuit CM/ECF system. On the same day, in accordance with Fed. R. App. P.

25(a)(2)(B)(ii), (d) (2) and 11th Cir. R. 31-3, I dispatched 7 paper copies of the brief to the clerk by Federal Express, a third-party commercial carrier, for next-day delivery.

Dated: June 26, 2024                    s/Kristen Gartman Rogers
                                        Kristen Gartman Rogers
                                        Assistant Federal Defender
                                        Southern District of Alabama
                                        Federal Defenders Organization
                                        11 North Water Street, Ste 11290
                                        Mobile, AL  36602
                                        (251) 433-0910
                                        Kristen_Rogers@fd.org

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 4727 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in 14-point font.

                                        s/Kristen Gartman Rogers
                                        Kristen Gartman Rogers
                                        Assistant Federal Defender
                                        Southern District of Alabama
                                        Federal Defenders Organization
                                        11 North Water Street, Ste 11290
                                        Mobile, AL  36602
                                        (251) 433-0910
                                        Kristen_Rogers@fd.org